## Henry Fitzgerald, Appellee, v. W. H. Neville et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Massac county; the Hon. ROBERT T. COOK, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 5, 1918.

### Statement of the Case.

Action by Henry Fitzgerald, plaintiff, against W. H. Neville and others, defendants, to recover a balance claimed to be due on a contract for extending and enlarging defendants' brick garage. From a judgment for plaintiff for $106.57, defendants appeal.

W. L. KRONE, for appellants.

FRED R. YOUNG, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 105*—*when instruction on right of recovery by contractor is erroneous.* In an action by a contractor on a building and construction contract against the owner to recover an alleged balance which defendants were retaining because of alleged defective brick used in the walls of the building, an instruction that if defendants took over and had used the building the plaintiff would be entitled to pay for their services at their reasonable worth, even though the building did not comply with the contract in any degree whatever, was erroneous as stating the law incorrectly and as being inapplicable to the facts, where it appeared from the evidence that defendants, although taking over and using the building, claimed damages for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

inferior brick used and retained the amount claimed as damages out of the contract price.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 35*—*when owners may recoup damages for defective work.* The taking over and using of a building which is defectively constructed by the owners does not constitute an acceptance in full discharge of the contract which will prevent the recouping, in an action by the contractors on the contract, of damages suffered from the use of defective material, where they claim damages for defective work and retain such damages out of the contract price.

3. BUILDING AND CONSTRUCTION CONTRACTS, § 105*—*when instruction on measure of damages in action by contractor to recover balance due is erroneous.* In an action by a contractor against the owners of a building to recover a balance due on the contract, which defendants were retaining as damages because of defective brickwork, an instruction that if plaintiff "performed the contract, or substantially performed it, he would have a right to recover the contract price therefor, less any payments made in reduction of the contract price," was erroneous, since the owners would be entitled to a reduction for the expense of making the work conform to the contract, or, if that could not be done, to a deduction of a sufficient amount to pay for damages sustained as the result of noncompliance with the contract.

4. BUILDING AND CONSTRUCTION CONTRACTS, § 105*—*when instruction on right of recovery of balance of contract price is improperly refused.* In an action by contractors to recover an alleged balance on a building and construction contract, which the owners were retaining because of alleged defective brickwork, an instruction that plaintiff could not recover under the declaration unless he proved by a preponderance of evidence in the case a contract fully or substantially performed on his part, was improperly refused.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.